# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### June 20, 2000 Session

## JAMES EARL KIRK, ET AL. v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Maury County
### No. 11263   Jim T. Hamilton, Judge

-------

### No. M1999-01369-CCA-OT-CO - Filed November 9, 2000

-------

In this interlocutory appeal the State raises the question of whether the Maury County Circuit Court, relying on Tenn. R. Crim. P. 5(a), erred by ordering that all proceedings in a case heard in general sessions court must be heard in the court closest to the location of the offense. It is the opinion of this Court that the plain language of Tenn. R. Crim. P. 5(a) controls the outcome of this case. The controversy in this case turns on the word "nearest" as used in the statute. A cursory reading of the statute could understandably lead one to believe that the term "nearest" was intended to convey geographic proximity. However, such a narrow reading of the word does not yield the desired result the Rule was intended to have, and cannot be read within the strict confines of the plain language set forth therein. The term "nearest" is broader in scope than mere geographical distance. It is the opinion of this Court that as used in Tenn. R. Crim. P. 5(a), "nearest" was intended to be analyzed temporally.

### Tenn. R. App. P. 9 Interlocutory Appeal; Order of the Circuit Court of
### Maury County Vacated

JOHN EVERETT WILLIAMS, delivered the opinion of the court, in which DAVID H. WELLES AND JERRY L. SMITH, JJ., joined.

Paul G. Summers, Attorney General and Reporter; David F. Findley, Assistant Attorney General; T. Michael Bottoms, District Attorney General; Robert C. Sanders, Assistant District Attorneys General, for the appellant, State of Tennessee.

John S. Colley, III, Columbia, Tennessee, for the appellees, James Earl Kirk, Christopher Caldwell and Homer Smith.

### OPINION

A cursory reading of the plain language of Tenn. R. Crim. P. 5(a) does not render the result the statute was designed to have. The term "nearest" is broader in scope than mere geographical distance. It is the opinion of this Court that the word "nearest," as used in Tenn. R. Crim. P 5(a),

was intended to be analyzed temporally. Further, Tenn. R. Crim. P. 5(a) speaks only to an initial appearance and does not lay a structural foundation for the path subsequent proceedings are to follow. Any proceedings following the initial appearance are not required to take place in the same court where the initial appearance took place.

## FACTS

Pursuant to Chapter 254 of the Tennessee Private Acts of 1947, the General Sessions Courts for Maury County were created. Part I of the Maury County General Sessions Court was placed in Columbia, Tennessee and Part II of the Maury County General Sessions Court was placed in Mt. Pleasant, Tennessee. Further, the jurisdiction of both parts was to be concurrent.[1] No subsequent amendments to Chapter 254 have disturbed this co-extensive existence.

This interlocutory appeal is representative of a long standing dispute regarding which part a defendant should be taken to for his or her initial appearance after being arrested. As this dispute applies to this case, each of the defendants were taken before a judge in Mt. Pleasant after their individual arrests. The defendants contend that they should have been taken before a judge in Columbia because Columbia was geographically closer to where each defendant was arrested. The only other distinction of relevance between the two courts is that Mt. Pleasant's pre-set bonds are as much as ten times higher than Columbia's pre-set bonds.[2]

Subsequent to the defendants' initial appearances before the judge in Mt. Pleasant, they filed a motion to transfer their cases to Columbia relying upon Tenn. R. Crim. P. 5(a). This motion was denied by the General Sessions judge in Mt. Pleasant. The defendants then appealed the denial of the motion to the Circuit Court for Maury County.

After a hearing in the Circuit Court for Maury County, relying on Rule 5(a), the court ordered in part as follows: "From this day forward, any and all proceedings on any charges of any person arrested or cited for any offense, including traffic offenses, shall be held in the part of General Sessions Court of Maury County, Tennessee, nearest to the geographical location of the offense or offenses alleged." The significance of this order is to divide the county, thereby limiting the jurisdiction of the two General Sessions Courts to geographical boundaries within the county. Further, it requires the arresting officer to determine where the offense occurred and to initiate criminal charges only in the General Sessions Court closest in distance or geographical location.

Finally, the State filed an application for a stay and a motion for permission to appeal pursuant to Tenn. R. App. P. 9. The Circuit Court granted both the stay and the motion for interlocutory appeal. This appeal is now properly before this Court.

---

[1] The actual language in the Act uses the word "co-extensive," a synonym for concurrent.

[2] We note that one of the defendants filed a motion to reduce his bond. After a hearing by a Mt. Pleasant judge, the defendant's bond was reduced.

**ANALYSIS**

A number of contentions have been set forth by both parties in this appeal. To the extent possible, these contentions will be addressed jointly. We will first address the contentions set forth by the State.

**Limiting Jurisdiction**

The State contends that the Maury County Circuit Court erred in ordering that all proceedings in criminal cases must be heard in the General Sessions Court closest in geographical location to the alleged offense. The defendants, however, contend that the order of the Circuit Court was correct. In support of the State's contention, the State argues that the Circuit Court, by its order, has improperly limited the jurisdiction of the two Maury County General Sessions Courts. In furtherance of this argument, the State sets forth that Article VI, § 1 of the Tennessee Constitution grants the legislature the power to create courts of "general, special, or limited jurisdiction within a particular county or locality." Therefore, the State asserts that only the legislature, not a Circuit Court, may expand or limit the jurisdiction of the inferior courts in Tennessee. We agree with the State.

This Court acknowledges that both legislative mandates and private acts have conferred upon Parts I and II of the Maury County General Session Court the jurisdiction to hear cases occurring anywhere within the borders of Maury County. Further, absent an act of the legislature, the Circuit Court cannot limit the jurisdiction of the General Sessions Courts. We note, however, that juvenile cases have been specifically excepted. Jurisdiction to hear juvenile cases has been limited by geographic proximity.[3]

As we read the statutes conferring jurisdiction on Part I and Part II, the statutes give both parts concurrent jurisdiction to hear criminal offenses occurring in Maury County. When the legislature created these courts by private act it did not limit their jurisdiction by geographical boundaries within the counties.

**Initial Appearances**

The State contends that Tenn. R. Crim. P. 5(a) applies only to initial appearances by criminal defendants. The State argues that the title and plain language of the Rule limit it to initial appearances only. We agree that Rule 5 applies only to initial appearances and does not apply to subsequent proceedings.

---

[3] The 1982 Amendment to Chapter 254 of the Tennessee Private Acts of 1947, specifically Section 24, provides that venue shall lie with the Maury County General Sessions Court located nearest to the geographical location of the act which gives rise to jurisdiction in a particular case. It is clear this mandate is directed at juvenile proceedings only.

-3-

## Appellate Authority of the Circuit Court

The State contends that the Maury County Circuit Court did not possess the requisite appellate authority to adjudicate this matter. The defendants, however, contend that the Maury County Circuit Court did possess the requisite appellate authority to adjudicate this matter. In support of their contention, the defendants cite Tenn. Crim. App. § 16-10-112, stating that this section confers appellate jurisdiction on the Circuit Court to correct errors by a General Sessions Court in criminal cases. We agree with the defendants that the Circuit Court did possess the requisite appellate jurisdiction to hear this matter and that the appeal was properly before the Circuit Court.

## Legislative Intent: "Near"

The defendants contend that the language contained in Tenn. R. Crim. P. 5(a), "nearest appropriate magistrate," means nearest in geographical location. As such, the defendants argue that their individual cases should be transferred to the other court, and that this is the appropriate remedy for not originally taking them before the nearest geographically located judge. We disagree for reasons set forth below. Further, in deciding this issue, we feel compelled to attempt to provide a definitive interpretation of the language contained in Tenn. R. Crim. P. 5(a) as relates to these defendants.

The Tennessee Rules of Criminal Procedure are considered the "law" of this state, in full force and effect until such time as they are superceded by legislative enactments, or inconsistent rules are promulgated by the Supreme Court and adopted by the General Assembly. See Tennessee Department of Human Services v. Vaughn, 595 S.W.2d 62 (Tenn. 1980). As applied to this case, Tenn. R. Crim. P. 1 provides on its face that Rule 5 shall govern procedure in General Sessions Courts of this state.

Tennessee Rule of Criminal Procedure 5(a) states that "the initial appearance of any person arrested except upon a capias pursuant to an indictment or presentment shall be taken without unnecessary delay before the nearest appropriate magistrate of the county from which the warrant for arrest issued, or the county in which the alleged offense occurred if the arrest was made without a warrant unless a citation is issued pursuant to rule 3.5." In a recent opinion written by the Attorney General of the State of Tennessee on the issue of "arrest or citation in counties with more than one general sessions court," the Attorney General opined that any person arrested was to be brought before the "nearest available magistrate." OAG 99-149 (8/10/99). Unfortunately, the opinion of the Attorney General's office does not offer any guidance in terms of legislative intent when examining the word "nearest" in Tenn. R. Crim. P. 5(a).

We acknowledge that on its face, Tenn. R. Crim. P. 5(a) may appear to mandate that the initial appearance of any person arrested must be before the geographically "nearest" appropriate magistrate of the county from which the warrant for arrest issued, or the county in which the alleged

offense occurred. However, this Court does not believe that this was the intent of the Rule. A narrow interpretation of the word "nearest" in Rule 5 would thwart the purpose of the Tennessee Rules of Criminal Procedure. The purpose of Rule 5 is to provide for the just determination of every criminal proceeding, and should be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay. See Tenn. R. Crim. P. 2.

Black's Law Dictionary sets forth that the word "near" has several different meanings separate from that of geographic proximity. Blacks Law Dictionary 1029 (6th ed. 1990). One of the specific definitions set forth in Black's Law Dictionary is that "near" means "not far distant in time." Id. It is this definition, within the plain language of the word, that this Court believes was the intent of the Rule.

We conclude that the Rule intended temporal proximity when using the word "near" as a means of assuring that history does not repeat itself. This provision is a safeguard designed to ensure that a person who is arrested is not allowed to languish in a jail cell, or worse, be forgotten. State v. Readus, 764 S.W.2d 770, 773 (Tenn. Crim. App. 1988). " The purpose of [this] rule was to insure the vitality of the presumption of innocence" by the prompt and neutral determination of probable cause by a magistrate after arrest. "The magistrate's role ... [is] to assure that constitutional rights [are] protected. Amongst [these] rights [are] the presumption of innocence, the right to bail, the right to counsel, and the right to be free from self-incrimination." State v. Huddleston, 924 S.W.2d 666, 677 (Tenn. 1996). As the Rule intended, a person is to be taken before a magistrate as soon as practical after being arrested.

In seeking the meaning of the word "nearest" in the context of the rule, we must look to the purpose of the rule. We do not believe that it is helpful to interpret the rule in such a manner as to contemplate or encourage debates over whether distances should be measured "the way the road goes" or "the way the crow flies." We also see no reason to suggest that it is crucial to determine whether one general sessions courtroom is a few moments closer to the "scene of the crime" than the other. If it appears that both general sessions judges are generally equally available within the county, then we believe Rule 5(b) contemplates that either one will be acceptable.

### Due Process Violations

The defendants contend that the procedure utilized by the officers of Maury County in someway violates their right to due process. A thorough review of the record reveals no due process violations. This contention is without merit.

### Venue

In our review of the record, the court took note of the motion filed by the defendants seeking to change venue from one court within the county to another court within the county. We believe that if we were to conclude this opinion without a brief comment on this motion we would be prematurely concluding our analysis. With regards to a motion to change venue within a county, this

-5-

Court is unaware of any proceeding heretofore that would recognize a right to change venue within a county. Therefore, when a defendant feels aggrieved by the court in which he or she was taken, the appropriate remedy would be to contest the jurisdiction of the court hearing the case. The defendants' motion contesting venue was not proper.

## CONCLUSION

It is the opinion of this Court that Tenn. R. Crim. P. 5(a) applies only to initial appearances of criminal defendants. Continuing, as used in Tenn. R. Crim. P. 5(a), "nearest" is broader in scope than mere geographical distance and was intended to be analyzed temporally. Finally, the order set out by the Maury County Circuit Court has usurped power specifically granted to the legislature and therefore, cannot stand.

 

_____
JOHN EVERETT WILLIAMS, JUDGE